IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH E. BENNETT,

        Petitioner,                              CASE NO. 2:07-CV-293
                                                      JUDGE MARBLEY
       v.                                        MAGISTRATE JUDGE KING

WARDEN, NORTH CENTRAL
CORRECTIONAL INSTITUTION,

        **Respondent.**

### ORDER AND
### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, petitioner's motion to supplement the petition, Doc. No. 6, respondent's motion to dismiss, Doc. No. 10, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **GRANTS** petitioner's motion to supplement the petition, Doc. No. 6, and **RECOMMENDS** that the respondent's motion to dismiss be denied and that the respondent be directed to file a return of writ.

**FACTS and PROCEDURAL HISTORY**

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On February 25, 2005, the Delaware County Grand Jury indicted appellant on one count of engaging in a pattern of corrupt activity, a first degree felony; two counts of theft, third degree felonies; two counts of theft, fifth degree felonies; six counts of breaking and entering, fifth degree felonies; six

counts of vandalism, fifth degree felonies; and three counts of possessing criminal tools, fifth degree felonies.

On July 5, 2005, appellant filed a motion to suppress. On August 17, 2005, the trial court conducted a suppression hearing. The testimony presented established:

In July and August 2004, small businesses in Delaware County were the target of vandalism, theft, and breaking and entering. Two incidents involving Norton's Sporting Goods resulted in the theft of firearms. A witness to a break in at Norton's Sporting Goods on July 26, 2004, described a gray or a maroon Dodge Stratus, with a left rear taillight out, leaving the scene.

On July 27, 2004, Sergeant Leatherman of the Delaware City Police Department met with individuals he knew to be reliable. They informed him appellant and his co-defendant were involved in the rash of break-ins. They described the car with the left tail light out. The same morning, Officer Boland of the Delaware City Police Department observed the vehicle traveling within the city limits and instructed the driver to pull over. The vehicle was missing the left taillight. Appellant was a passenger in the vehicle which was being driven by his co-defendant, Henry Wolfe. Officer Boland conducted an inventory search of the vehicle and discovered eighty-one rounds of .22 caliber ammunition and a 9mm round in the car's console-matching items stolen from Norton's Sporting Goods. A pry bar, a wrench and a laundry bag, matching a witness' description, were also found in the vehicle. Evidence from the scene demonstrated the doors at the store had been pried open. Officer Boland impounded the vehicle and appellant was taken to the police station for questioning, after which he was released.

Detective Wollum of the Delaware County Sheriff's Office interviewed appellant, after a BB gun was discovered during a search of appellant's residence. A BB gun had been stolen from Norton's the previous morning. Detective Wollum observed appellant's shoes outside of his cell with glass embedded in the soles. He seized the shoes to be tested for

2

comparison of glass fragments found at the scene.

On August 11, 2004 at 4:00 a.m., Deputy Bobb of the Delaware County Sheriff's Department checked a gun store for any break in. He parked his cruiser at the back of the gun store parking lot when a vehicle pulled into the lot from the South. The vehicle's headlights swept over the cruiser and then pulled out of the lot, continuing at a high rate of speed. Deputy Bobb followed the vehicle, "looking for a reason to stop the car to find out why it pulled into a closed business at 4:00 a.m."

After a few minutes, Deputy Bobb observed the vehicle cross the double centerline and "the driver side tires touched the left line of the double line." He described the car as "drifting left and weaving at times and the tires would go over both yellow lines and to the edge of the road." The tires went completely over the left line 4-5 times over 1-2 miles. The deputy then initiated a stop. Appellant was the driver of the vehicle, and Wolfe, his co-defendant, was a passenger. Appellant did not possess a valid operator's license. Deputy Bobb conducted an inventory search at the scene, and discovered a large crowbar, vice grips, pliers and a brown bag. Deputy Bobb testified at the suppression hearing he was unsure of any written policy for impounding vehicles and performing inventory searches, but he knew the department had a standard operating procedure.

Via Judgment Entry, the trial court overruled appellant's motion to suppress.

The matter proceeded to a jury trial on August 23, 2005. During the trial, the State moved to amend count three of the indictment to change the name of the victim from Midway Market to Norton's Sporting Goods. Despite appellant's objection, the trial court granted the motion to amend. After the presentation of the evidence, appellant was found guilty of one count of engaging in a pattern of corrupt activity, three counts of theft, five counts of breaking and entering, five counts of vandalism and three counts of possessing criminal tools. The trial court imposed a two-year prison sentence.

*State v. Bennett*, 2006 WL 3020292 (Ohio App. 5 Dist. October 18, 2006).  Represented by the

same counsel, petitioner filed a timely appeal.  He asserted the following claims:

> I. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE, THEREBY VIOLATING THE DEFENDANT'S RIGHTS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS.
>
> II. THE TRIAL COURT ERRED BY PERMITTING THE PROSECUTION TO AMEND COUNT THREE OF THE INDICTMENT, THEREBY VIOLATING THE DEFENDANT'S RIGHTS GUARANTEED BY THE OHIO CONSTITUTION .

*See id.; Exhibit 6 to Return of Writ.*  On September 27, 2005, petitioner filed a *pro se* motion for leave to file a supplemental brief.  *Exhibit 8 to Return of Writ.*  The appellate court apparently never issued a ruling on petitioner's motion; however, on October 18, 2006, the appellate court affirmed the judgment of the trial court.  Thereafter, on November 2, 2006, petitioner filed a *pro se* supplemental appellate brief, asserting as follows:

> 1. Defendant-appellant's constitutional rights were violated because the sentencing statutes under which the defendant.... was sentenced to a non-minimum sentence and consecutive prison term were unconstitutional.
>
> 2. Trial counsel's performance of his duties was deficient at the time of sentencing, in that he failed to function as the counsel guaranteed by the Sixth Amendment and defendant-appellant was prejudiced by counsel's performance.

*Exhibit 10 to Return of Writ*.  On November 13, 2006, petitioner filed a motion for reconsideration, which motion the appellate court denied.  *Exhibits 11 and 12 to Return of Writ*.  Petitioner filed a timely appeal to the Ohio Supreme Court.  He raised the following

4

propositions of law:

> 1. Defendant-appellant Mr. Bennett's constitutional rights were violated because the sentencing statutes under which the defendant-appellant was sentence[d] to a non-minimum sentence and consecutive prison term were unconstitutional.
>
> 2. Trial counsel's performance of his duties at the time of sentencing [was deficient], in that he failed to function as counsel guaranteed by the Sixth Amendment and defendant-appellant was prejudiced by counsel's performance.

*Exhibits 13 and 14 to Return of Writ.* On March 14, 2007, the Ohio Supreme Court dismissed petitioner's appeal as not involving any substantial constitutional question. *State v. Bennett*, 113 Ohio St.3d 1415 (Ohio March 14, 2007); *Exhibit 16 to Return of Writ*.

On April 30, 2007, petitioner filed a *pro se* application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). He asserted the ineffective assistance of appellate counsel for failing to raise on appeal a claim that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), and for failing to preserve the issue in the Ohio Supreme Court. *Exhibit 21 to Return of Writ.* On August 20, 2007, the appellate court denied petitioner's Rule 26(B) application as untimely. *Exhibit 22 to Return of Writ.* This Court is unable to determine from the record whether or not petitioner ever sought a timely appeal of the appellate court's decision to the Ohio Supreme Court.

On April 6, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

5

> 1. The petitioner's right to due process of law… was violated when he was sentenced under an unconstitutional statute.
>
> 2. The petitioner was denied due process of law wherein the State of Ohio was allowed to amend the indictment after trial began.
>
> 3. Ineffective assistance of counsel in violation of the United States Constitution's Sixth Amendment.
>
> 4. The petitioner's conviction is against the weight of the evidence which is a due process of law violation.

On June 25, 2007, petitioner filed a motion to supplement the petition to assert the following additional claim:

> 5. The prosecutor should have withdrawn himself from the case based upon a conflict of interest because defense counsel and the prosecutor were former law partners at the same law firm.

*See* Doc. No. 6. Petitioner's unopposed June 25, 2007, motion to supplement the petition to include the foregoing claim, Doc. No. 6, is hereby **GRANTED**.

Respondent has moved to dismiss the action as unexhausted. Doc. No. 10. Petitioner has made no response to that motion.

### EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law

to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990).

In the motion to dismiss, respondent argues that, at the time respondent filed the motion on August 28, 2007, petitioner had not yet filed an appeal of the appellate court's August 20, 2007, denial of his Rule 26(B) application but that this procedure remained available to petitioner. *Motion to Dismiss*, at 7-8. However, the time in which petitioner can properly file such an appeal has now expired. Thus, that avenue of relief is no longer available to petitioner. *See* Ohio Supreme Court Rule of Practice II Section 2(A)(4)(c).[1]

Therefore, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss the petition for failure to exhaust state court remedies, Doc. No. 10, be **DENIED** and that respondent be **DIRECTED** to file a supplemental Return of Writ that complies with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court and which includes documentation regarding any further state court action initiated by petitioner in this case.

---

[1] Ohio Supreme Court Rule of Practice II Section 2(A)(4)(c) provides:

The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief, including appeals brought pursuant to *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, and App.R. 26(B). The Clerk shall refuse to file motions for delayed appeal involving postconviction relief.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

February 7, 2008                                                         s/Norah McCann King
                                                                       Norah McCann King
                                                      United States Magistrate Judge